IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NATIONWIDE MUTUAL INSURANCE COMPANY,

    Plaintiff,

v.                                                   Civil Action No. 5:10CV71
                                                              (STAMP)

NICHOLAS BARRETT,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT (AND COUNTER-CLAIM PLAINTIFF'S)
MOTION TO REMAND
DENYING PLAINTIFF (AND COUNTER-CLAIM DEFENDANT'S)
MOTION TO REALIGN AND
DENYING DEFENDANT'S REQUEST FOR ATTORNEY'S FEES AND COSTS**

I.   Background

    The above-styled civil action is before this Court as a result of a notice of removal filed by the plaintiff, Nationwide Mutual Insurance Company ("Nationwide"), in which the plaintiff asserts that federal jurisdiction is pursuant to 28 U.S.C. § 1332. The plaintiff commenced this civil action in the Circuit Court of Marshall County, West Virginia against Nicholas Barrett, one of its insureds, asserting a subrogation claim seeking to recover amounts paid to satisfy a property damage claim arising from a collision involving Barrett. The defendant filed both an answer and a counterclaim against the plaintiff, alleging breach of the common law duty of good faith and fair dealing and violation of the West Virginia Unfair Trade Practices Act ("UTPA"). The plaintiff voluntarily dismissed its claim against the defendant prior to removal. After dismissal of the subrogation claim, the plaintiff

removed this civil action to this Court. Following removal, the defendant filed a motion to remand, to which the plaintiff responded and the defendant replied. In his motion to remand, the defendant also requested an award of attorney's fees and costs incident to filing the motion. In its response, the plaintiff incorporated a motion to realign the parties. For the reasons set forth below, the defendant's motion to remand is granted and the plaintiff's motion to realign the parties is denied.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

III. <u>Discussion</u>

A. <u>Motion to Remand</u>

The issue before this Court is one of removal, and a peculiar removal at that, because it is the <u>plaintiff</u> in this case, and not the defendant, that is seeking the removal of this action to federal court. Nationwide removed this action to this Court, arguing that federal jurisdiction is proper. Specifically, Nationwide asserts that Barrett would receive more than $75,000.00 if he received all of the compensatory damages he seeks from Nationwide in his counterclaim. This Court disagrees and instead, finds that remand of this action to the state court is necessary.

It is well-established law that a plaintiff cannot remove an action to federal court on the basis that the counterclaim permits removal. <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100 (1941). <u>See also</u> Schwarzer, Tashima & Wagstaffe, <u>Rutter Group Prac. Guide: Fed. Civ. Pro. Before Trial</u> 2:615 (The Rutter Group 2008) ("The right of removal is vested exclusively in defendants. A plaintiff who has chosen to commence the action in state court cannot later remove to federal court, even to defend against a counterclaim or cross-complaint."). This is true whether the plaintiff seeks to remove the counterclaim based on diversity of citizenship or pursuant to federal question jurisdiction. <u>Shamrock Oil & Gas Corp.</u>, 313 U.S. at 103. In <u>Shamrock Oil</u>, a diversity action, the Supreme Court acknowledged that the removal statute allowed either party to remove a suit to federal court between 1875 and 1887. <u>Id.</u>

at 104-05.  In 1887, Congress amended the statute, which "narrow[ed] the federal jurisdiction on removal." Id. at 107.  The amended statute allowed removal only by the defendant or defendants in the suit.  The Supreme Court held that interpretation of removal statutes called for "strict construction" and held that "an original plaintiff against whom the original defendant had filed a counterclaim could not remove the case to federal court under § 1441(a)'s predecessor." Palisades Collections, LLC v. Shorts, 552 F.3d 327, 332 (4th Cir. 2009).  The Fourth Circuit recently enforced this holding when it stated that the phrase "the defendant or the defendants," as used in § 1441(a), is to be interpreted narrowly, "'to refer to defendants in the traditional sense of parties against whom the [original] plaintiff asserts claims.'" Palisades Collections, LLC v. Shorts, 552 F.3d 327, 333 (4th Cir. 2009) (quoting First Nat'l Bank of Pulaski v. Curry, 301 F.3d 456, 462-63 (6th Cir. 2002)).  In other words, "[o]nce a plaintiff always a plaintiff." Coastal Air Serv., Inc. v. Tarco Aviation Serv., Inc., 301 F. Supp. 586, 588 (S.D. Ga. 1969).  This Court easily finds that Congress intended to "'restrict removal jurisdiction solely to the defendant to the main claim.'" Palisades Collections, LLC, 552 F.3d at 333 (quoting Florence v. ABM Indus., 226 F. Supp. 2d 747, 749 (D. Md. 2002)).

B.  Motion to Realign

Nationwide contends that because only the counterclaim remains, it should be realigned as the defendant and Barrett

4

realigned as the plaintiff. The Supreme Court has authorized realignment in a limited set of circumstances where a plaintiff is functionally a defendant. Mason City & Fort Dodge R.R. Co. v. Boyton, 204 U.S. 570 (1907). The Mason Court sought "to prevent individual states from altering the federal removal rule by transposing the traditional plaintiff and defendant designations." Chancellor's Learning System, Inc. v. McCutchen, 2008 WL 269535, *2 (N.D. Ohio Jan. 29, 2008). The holding of Mason is that "when a complaint is filed, it is the party seeking relief who is treated as the plaintiff regardless of the party designation assigned by the state." Id. Under the Supreme Court's "functional test, the plaintiff is the party whose intent to achieve a particular result, such as the recovery of property or money, is the mainspring of the proceedings, and who is responsible for the continued existence of the action." CitiFinancial, Inc. v. Lightner, 2007 WL 1655225, *2 (N.D. W. Va. June 6, 2007) (internal citations omitted). "The party opposing or resisting the plaintiff's claim is the defendant, who may remove." Id. (internal citations omitted). While some courts acknowledge that a counterclaim may be the "mainspring" of an action, the facts of the case may not warrant a realigning of the parties. Boudin v. South Point, Inc., 2009 WL 1635927, *2 (S.D. Ala. June 9, 2009); McCutchen, 2008 WL 269535 at *3. Additionally, the "[f]acts forming the basis of realignment must exist at the time of filing the original suit." Tx. Pac. Coal & Oil Co. v. Mayfield, 152 F.2d 956, 957 (5th Cir. 1946); Farmers

5

Alliance Mut. Ins. Co. v. Jones, 570 F.2d 1384, 1387 (10th Cir. 1978).

In this case, this Court believes that the facts do not warrant a realignment of the parties. Nationwide pursued a subrogation claim and chose to file that claim in state court. The defendant answered and filed a counterclaim. The only justification for realignment here is that the original complaint has been dismissed. That fact "in and of itself simply is not a valid reason to grant [Nationwide] defendant status for removal purposes." Boudin, 2009 WL 1635927 at *2. This Court finds that Nationwide is not a functional defendant and "will not realign the parties to enable [Nationwide] to forum shop." McCutchen, 2008 WL 269535 at *3.

C. Attorney's Fees and Costs

In addition to a remand, the defendant asks that this Court award him the attorney's fees and costs associated with pursuing this motion. With respect to the award of attorney's fees and costs, the Fourth Circuit has found that 28 U.S.C. § 1447(c) "provides the district court with discretion to award fees when remanding a case" where it finds such awards appropriate. In re Lowe, 102 F.3d 731, 733 n.2 (4th Cir. 1996). This Court finds that such fees and costs are inappropriate in this matter because the plaintiff asserted at least a colorable claim to removal jurisdiction in this Court. Accordingly, this Court finds that

defendant's request for an award of attorney's fees and costs should be denied.

## V. Conclusion

For the reasons stated above, the defendant's motion to remand is GRANTED; the plaintiff's motion to realign the parties is DENIED; and the defendant's request for attorney's fees and costs is DENIED.  Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Marshall County, West Virginia.  It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Marshall County, West Virginia.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    August 25, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE